Good morning, Your Honors, and may it please the Court, Stephen Lopez appearing for Appellant Rose Court. Your Honors, this is another foreclosure case. However, it does have some twists and turns. In this particular case, the problem that has arisen is that the Bankruptcy Court and the District Court approved a motion to dismiss a complaint without leave to amend and denied my client the right to amend based on an improper application of California law. Counsel, I want to jump in here and just make sure I understand the scope of issues before us. I don't see your briefing to argue the substance of the claims that were dismissed, and so it seems like what we're really reviewing is just the denial of leave to amend. Am I correct? You are correct, Your Honor. The reason, obviously, that I bring up both is because to the extent that they were combined, I'm concerned. But the real issue here is should this Court have denied leave to amend, and the Court did so based on res judicata. And the problem with the Court doing so is that the Court applied Rule 41 that says a voluntarily dismissed matter is a finding on the merits in federal court, and there's no question that's accurate. But that's not the law in the state of California. But the problem is, and oddly enough, none of the briefs pointed this out, one of the three prior dismissals was a federal court dismissal, and it was the second of the three because the second case was removed to federal court and then voluntarily dismissed in federal court. So Rule 41 applies by its terms to the meaning of that dismissal. And since it was the second dismissal and it was in federal court, Rule 41 says it's on the merits and it's res judicata. Why is that wrong? I'm sorry, Your Honor, but I didn't see it that way. As far as I could see, all of the cases were in state court, and it wouldn't matter because even if the… I'm not, Your Honor, and I wasn't involved in the prior litigation, so I don't know all of the details. I'm going based on the papers that were filed with the courts. But the papers include the record, and there's a factual record, and in reviewing this, you would look at the nature of the dismissals in order to determine what law applies because the federal judgment, res judicata principles of federal law, and if it's diversity, you might incorporate state law as the rule of decision, but it matters what court it's in. And so the second one is in federal court, and so if factually I'm correct that the second one was in federal court, how do you get around Rule 41? Well, factually, if Your Honor is correct, that would, in fact, be a dismissal and a final ruling on the merits. However… But then that would mean that your cause of action that you proposed to add in the amended complaint was barred because it's the same subject matter. No, it wouldn't, Your Honor. The prior complaint that was dismissed, all of them concerned pre-foreclosure matters. The cause of action that my client could allege arose out of a foreclosure. If we're going to apply federal law in this case, then the court needs to look to not the rules in California, which would say you look at the overall idea, in other words, the challenge of the foreclosure. You need to look to the specific issues that were addressed in California. Counsel, the way I see it, if we determine that Rule 41 applies, the question we have to answer is Rule 41 says that the bar applies to the same claim. We have to figure out what same claim means under Rule 41. We have cases outside this circuit that indicate that we construe that perhaps more broadly than the face of those words would suggest, and we construe those with race judicata principles in mind. If it's part of the same transaction or course of events, then it's same claim, even if it's a different cause of action. I don't know that we have binding – I don't think we have binding precedent on that question in the Ninth Circuit. So what I would like you to address is, again, if we reach Rule 41, we have to figure out what same claim means. What do you think the rule should be for what same claim means? I think that in federal court, the same claim rule would mean the same claim. And I'm going to give an example, Your Honors. In this case, those claims concern challenges to the right to bring a nonjudicial foreclosure. That's not the claim that would be brought in an amended complaint. It would be the actual conduct of the foreclosure, and that – those facts had not occurred as of the time of the prior claim. I understand that. So if your argument is that it's really the literal same cause of action, what authority do you have to support that proposed rule? I don't have it in front of me, Your Honors. If you would give me a minute, I could look it up. But I have been arguing this in other courts. The problem with this ruling in this court is that now other courts are using this as a final judgment to say that other claims cannot be brought based on the ruling in the bankruptcy court's case. So the problem is, Your Honors, that I understand the rule in federal court to be different from that in California. California uses a different standard for what the same claim means versus the penumbra or the overall nature of the case. So if the overall – in California, if the overall nature of the case concerned foreclosure, arguably, Rae Shooter Carter would apply even though the foreclosure had not taken place. Counsel, I don't see any justification for us to apply California law here. We're talking about a federal rule and what this federal rule means, and we typically don't go to state law to figure out what a federal rule means. I would agree, and I'm just using that as an example. My reading of federal law and the case law on this topic, particularly in the Ninth Circuit, is that the federal law is different. You do – it does have to concern the same claim, and I think that that should be read strictly. In other words, if I come in and I challenge someone's right to record, in this case, a notice of default, that's not the same claim as later saying that you conducted the ultimate foreclosure sale unfairly or improperly, and that's what's going on here. Initially, the challenges were to the overall right to foreclose. That's not what the amended case in this particular case says. I don't have the case sites in front of me at the moment, but I am positive that the law in this court is and should be that that is not the same claim. But do you have – I mean, do you concede that if state preclusion law were to apply that you would lose, that the claim in the proposed amended complaint would be barred? Not necessarily, Your Honor, and I can explain why also in that. If California law were to apply, then any ruling, any voluntary dismissal, you need to look to the reason and nature of the dismissal. In California, a voluntary dismissal would not affect claim preclusion ever, and secondly, if it was based on – That's not true. There is some authority, and your opponent cites it, that if you voluntarily dismiss after an adverse tentative ruling in order to avoid it from being entered, that that is on the merits. I would agree, and I did address that, Your Honor. And you have one of those dismissals, so you actually have two problems. You have that one, and then you have the Rule 41 in federal court. I agree, Your Honors, and the issue is with regard to that, that when the order is on a demur in California, if you are alleging different facts from those alleged in the initial complaint, then res judicata does not apply. So even if we assume that a dismissal could possibly be res judicata in the face of a demur in California, under the particular facts of this case, because the claim is based on completely new facts that had not even yet occurred, res judicata would not apply in California. So when you refer to this case and this claim, if I understand, let's put a finer point on it. You're talking about your wrongful foreclosure claim that you want to add, and my understanding is that you concede below you were basing that claim on the lack of authority to foreclose in the first place, but now you are saying that there's different post-foreclosure conduct that also gives rise to a wrongful foreclosure claim, but you acknowledge that you didn't raise that theory of the wrongful foreclosure claim below. Is that all correct? It is correct that the theory was not raised below by prior counsel. Okay. All right, Your Honors, I see my time is up, so I'll stop here. All right. Thank you, Counsel. We will hear now from Mr. Strauss. Good morning, Your Honors. May it please the Court. I thought Justice Forrest got us off to the right start by confirming that there's not any effort to revive the first amended complaint that was filed in the bankruptcy adversary proceeding. That was the complaint that questioned the conduct of the foreclosure sale, and appellant concedes now that the bankruptcy court correctly dismissed that complaint because it alleged that there was supposedly a postponement of the foreclosure sale, when, in fact, the transcript demonstrates that there was a conducted sale that was completed with a bid, and the sale was closed, and then there was post-sale dialogue that was irrelevant to the legal process. So there actually are no claims pending in either the first amended complaint that was dismissed by the district court or the proposed second amended complaint that was presented to the bankruptcy court that raised any issues regarding the conduct of the sale. That matters because, as Justice Sung brought out at the end of the questioning of appellant, the only claims related to the conduct of the sale, as opposed to claims that the note and deed of trust are supposedly fraudulently created or improperly passed along from one person to another, claims that have been made in many lawsuits by this particular appellant, the only claims that are not of that ilk are claims that were never raised below, and as we pointed out in appellee's brief, those claims are waived, and that argument was completely ignored in appellant's reply brief. I might remember the page numbers in appellee's brief, but the case law is very clear on that point, pages 19 and 20, that you can't bring claims to this court in the first instance and argue that a trial court failed to properly consider them when you didn't present them to the trial court. And that was the holding of the synagogue case, and it's just obviously plain common sense good law that's uncontested by appellant. So what we're left with is the question of whether res judicata was properly applied by the bankruptcy court to conclude that the proposed second amended complaint, that which was actually in front of the trial court, was properly barred. And the answer, I think, is the same, whether we follow federal or California rules for res judicata. Under federal rules for res judicata, it's undisputed that we have a final decision on the merits. In fact, we have multiple final decisions on the merits, because we have both dismissals without prejudice in state court, and as Justice Collins pointed out, we also have a decision in a federal court. So again, I'm going to come back to my question that I had for your friend across the aisle. We don't have precedent in the Ninth Circuit that has construed what same claim means in Rule 41. How would you articulate that? The Derrish case that was referenced, I think actually by appellant, 724 Fed 2nd, 1347 from the Ninth Circuit, says on page 1349 that to figure out whether things involve the same claim, we are assisted by asking, and I'm going to quote from the case, whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action. Two, whether substantially the same evidence is presented in the two actions. Three, whether the two suits involve infringement of the same right. And four, whether the two suits arise out of the same transactional nucleus of facts. So that's the kind of classic federal preclusion doctrine drawn from the restatement, which California doesn't follow. California follows the primary right. Follows the primary right doctrine. But I understand. But your brief, I have to say, it's not helpful when counsel invoke res judicata and they don't even tell us what courts to judge. Your brief didn't mention that there was a judgment filed in federal court. Your brief made it look like they were all three state court judgments. And it's a highly significant fact that one of these judgments was entered in federal court and nobody told us that. You're correct. That's a mistake on our part because that fact is favorable to us. It's not an unfavorable fact at all. It complicates the analysis because it means first we have to look at Rule 41 to determine its applicability. But then we have to put Rule 41 together with preclusion doctrines and we got no briefing on that. I mean, some tech in the Supreme Court speaks to that issue, but we didn't get really any help from the parties on this. With 20-20 hindsight, I could have done a better job of briefing the issue, and I completely agree. I can't go back and fix my brief, so all I can do is address the question here today, and I believe I'm doing that appropriately. Do you think the difference whether we look to preclusion to fill out the meaning of either the federal court? Let's focus on the federal court judgment. The state court judgment on the demurrer is clearly governed by primary rights doctrine. Correct. But for the federal one, do you think whether we use state preclusion law or federal preclusion law to interpret the meaning of that federal judgment, do you think it makes a difference? No, I believe you reached the same conclusion. And that's why, in response to Justice Flores' question, I pointed to a Ninth Circuit case applying federal law to federal res judicata questions and outlined the criteria that the court uses, and those criteria fit very nicely here because the proposed second amended complaint, just like the prior lawsuits, is based on an argument that there's a defect in the note or a defect in the chain of title, and they involve the same evidence and the same nucleus of facts. The only difference between the proposed second amended complaint and the earlier lawsuits is that there has been a foreclosure sale. That is a new element of damage, perhaps, but it is not a new liability issue. The argument that the foreclosure sale was improperly conducted is not based, as we've just started at the beginning of the argument to acknowledge, it's not based on something that was done wrong during the sale. It's based on the argument that there was a defect in the note or the deed of trust or in the transferring of the note and the deed of trust. So, in your view, pre-foreclosure conduct and, therefore, is either the same nucleus of common facts or the same primary right, whether it's California or federal? Exactly, Your Honor, and I apologize for the error in our briefing. There's nothing I can do but acknowledge that you're right and respectfully remind you that the error was to my disadvantage, and I didn't hear any implication, but there's no motivation for us to have gotten it wrong. I'm kicking myself, if I can do so at my age, without hurting myself in front of the court. I'm flaying myself for not getting it better. Well, when we get your briefs, we go through the record and we discover things sometimes that aren't called to our attention, and then we scratch our heads. There's a reason why you're wearing the robe and I'm here humbly acknowledging my mistake. So, I mean, you pretty much covered my argument for me because you accurately stated my point, which is under federal law, we reach the same conclusion as under state law, even though you may have different criteria for determining whether there's a final judgment. There's a final judgment under both sets of criteria, and you have different criteria for determining whether the claim or issue is one that should be precluded, but under either set of criteria, you reach the same conclusion. So I'm happy to address any questions that the courts may have. Otherwise, for the first time in my career in a federal appellate court, I'm going to stop with like a minute and a half left in my time. All right. Thank you, Counsel. Now, you used all your time, but I'll give you one minute for rebuttal, Mr. Lopez. Thank you, Your Honor. I did want to point out that the big difference in this case is that unlike federal, unlike state court law, federal law does not extinguish claims that could not have been brought. So we would need to look to the dismissal, dismissed case in federal court and determine that those same claims existed at the time. The claims sought to be brought in this case. But the problem is that we don't look at the claim that you were sketching in your opening brief. We look at the proposed complaint that was presented below, and the claim sketched in your opening brief is post foreclosure, you know, conduct or conduct of the foreclosure itself. But the claim that's in the SAC is about defects in the paperwork. The note was fraudulent and all kinds of stuff before the foreclosure. And that's where you seem to have a problem. Well, Your Honor, I would agree with you there. The law in California would be that you can raise different facts and do claims on appeal. It doesn't matter that you did not raise them underlying. That's not federal procedural law in this court. We don't hear things for the first time. We're not a court of first review. I understand that. I believe I did cite a case to the effect that that may arguably be appropriate before this court. But I would agree with the court. I cannot definitively say. However, I do believe that is the better rule to follow under the facts of this case. And the reason being that at the time of the prior, I mean, simply put, you're applying race judicata, and it should not be applied under any circumstances in a rote fashion. And that's exactly what's happening here. Okay. All right. Thank you, counsel. The case just argued will be submitted. And we'll proceed.
judges: COLLINS, FORREST, SUNG